Ernest W. Klatte, III (State Bar No. 115914)
eklatte@rutan.com
Summer Young Agriesti (State Bar No. 232883)
syoung@rutan.com
RUTAN & TUCKER, LLP
611 Anton Boulevard, Fourteenth Floor
Costa Mesa, California 92626-1931
Telephone:   714-641-5100
Facsimile:   714-546-9035

Attorneys for Defendant
BFS RETAIL & COMMERCIAL OPERATIONS, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MEHDI SABERI,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>BFS RETAIL & COMMERCIAL OPERATIONS, LLC,<br><br>　　　　Defendant. | Case No. C-08-4232 JL<br>ASSIGNED FOR ALL PURPOSES TO:<br>JUDGE JAMES LARSON<br>COURTROOM F<br><br>**JOINT STIPULATION**<br><br>Date Action Filed:  September 8, 2008<br>Trial Date:        Not set. |

　　　Plaintiff Mehdi Saberi ("Plaintiff") and Defendant BFS Retail & Commercial Operations, LLC ("Defendant"), by and through their respective counsel, hereby stipulate as follows:

　　　WHEREAS, Plaintiff seeks to file a First Amended Complaint, a copy of which is attached as Exhibit A;

　　　WHEREAS, Defendant does not oppose the filing of this proposed First Amended Complaint;

　　　NOW, THEREFORE, the parties hereby stipulate and agree as follows:

　　　1.　　The First Amended Complaint, a copy of which is attached as Exhibit A,

/ / /

/ / /

Rutan & Tucker, LLP
attorneys at law
2166/013229-0143
1042854.01 a10/06/09                    -1-

Case No.  CV-08-4232 JL
JOINT STIPULATION

shall be deemed filed upon the Court's issuance of an Order granting leave to amend.

Dated: October 6, 2009

RUTAN & TUCKER, LLP
ERNEST W. KLATTE, III
SUMMER YOUNG AGRIESTI

By: \_\_\_\_\_/s/\_\_\_\_\_
Summer Young Agriesti
Attorneys for Defendant
BFS RETAIL & COMMERCIAL
OPERATIONS, LLC

Dated: October 6, 2009

CORNERSTONE LAW GROUP
HARRY LEWIS

By: \_\_\_\_\_/s/\_\_\_\_\_
Harry Lewis
Attorneys for Plaintiff
Mehdi Saberi

PURSUANT TO THE STIPULATION, IT IS SO ORDERED.

Leave to amend the complaint is granted.

By: *[signature: James Larson]*
The Honorable Judge James Larson

Rutan & Tucker, LLP
attorneys at law
2166/013229-0143
1042854.01 a10/06/09
-2-
Case No. CV-08-4232 JL
JOINT STIPULATION

# Exhibit "A"

# Exhibit "A"

HARRY G. LEWIS (SBN 157705)
CHRISTINA S. PARK (SBN 236480)
CORNERSTONE LAW GROUP
595 Market Street, Suite 2360
San Francisco, CA 94105
Telephone: (415) 974-1900
Facsimile:  (415) 974-6433
Email: hlewis@cornerlaw.com
Email: cpark@cornerlaw.com

Attorneys for Plaintiff
MEHDI SABERI

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MEHDI SABERI,<br><br>           Plaintiff,<br><br>vs.<br><br>BFS RETAIL & COMMERCIAL OPERATIONS, LLC,<br><br>           Defendant. | CASE NO. CV-08-4232 JL<br><br>[PROPOSED]<br>FIRST AMENDED COMPLAINT<br><br>1. National Origin Harassment in Violation of the FEHA<br>2. Retaliation in Violation of the FEHA<br>3. Retaliation in Violation of the Title VII<br>4. Wrongful Termination in Violation of Public Policy<br>5. Intentional Infliction of Emotional Distress<br><br>DEMAND FOR JURY |

Plaintiff Mehdi Saberi alleges:

### PARTIES

1.     Plaintiff Mehdi Saberi ("Plaintiff") is an individual of Persian national origin who was employed by Defendant BFS RETAIL & COMMERCIAL OPERATIONS, LLC ("Firestone") as a manager of its Redwood City, California store from August 1, 2002 to July 1, 2008. Plaintiff has, at all times relevant, been a resident of California.

2.     Defendant Firestone is a limited liability company with its state of formation in the State of Tennessee and its principal place of business in Bloomingdale, State of Illinois.

1

FIRST AMENDED COMPLAINT FOR DAMAGES
Case No. 08-CV-4232 JL

Clients/Saberi/Pleading /Saberi – First Amended Complaint

3. Defendant DANA GIRARD ("Girard") is an individual who was at all times relevant employed by Defendant Firestone in a managerial capacity.

### JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1331 because this action arises under the laws of the United States.

5. Venue is proper in the Northern District of California under 28 U.S.C. §1391(b)(2) because the claims alleged herein arose within said district.

### FACTS COMMON TO ALL CLAIMS

6. It was Firestone's practice to have a store obtain tires from another Firestone store when it did not have enough tires in its own inventory. Accordingly, Plaintiff frequently went to the Sunnyvale Firestone store managed by Girard to obtain tires when his store did not have them in stock.

7. Girard frequently made insulting remarks to Plaintiff in Farsi when he went to the Sunnyvale Firestone to pick up tires. These remarks included: "you have a penis in your mouth, you have a penis in your ass, you have a penis on your bald head, you have a penis in your ear, your mother is a prostitute, and you are a faggot." Girard and the other employees laughed when Girard harassed Plaintiff in this manner.

8. In June 2004, representatives of Firestone forged Plaintiff's signature on numerous "new hire" documents and placed these documents in Plaintiff's personnel file.

9. Firestone promoted Girard to Assistant District Manager in 2006.

10. In November 2006, Plaintiff complained to Jim Hutchinson ("Hutchinson"), Firestone's District Manager, about Girard harassing him. Plaintiff told Hutchinson about the statements Girard made to him described above. Plaintiff also told Hutchinson that Girard had made similar insulting statements at District Meetings. Hutchinson responded that he did not believe Girard was prejudiced and asked Plaintiff to give him time to work with Girard.

11. On December 22, 2006, Girard visited the store that Plaintiff managed. Girard stated to Plaintiff that he squeaked like a Jew when he walked.

12. On September 7, 2007, Hutchinson and Girard ordered Plaintiff and other

2
FIRST AMENDED COMPLAINT FOR DAMAGES
Case No. 08-CV-4232 JL

employees to attend a meeting at the Firestone office in Concord. The purpose of this meeting was to inform the employees that they were not selling enough Firestone credit cards to customers. Firestone district managers referred to the employees at the meeting as "NSSOBs" or Non-Selling-Sons-of-Bitches.

13. At the meeting on September 13, 2007, Alan Adams, Firestone Assistant District Manager, stated that Plaintiff and others needed to get more customers to obtain the Firestone credit cards. He told the following story as an example of how to market the credit cards: I had a friend that I would go to bars with to look for good looking girls to fuck. When we saw one, we'd go up to her and ask if she liked flowers. If she said yes, we'd ask her if she wanted to fuck. If we never asked her we would never know if she would let us fuck her or not. He stated that he wanted his employees to do the same with customers regarding the Firestone credit cards. Plaintiff and another employee, Jeff Jio, complained that the joke was not funny or appropriate.

14. Plaintiff then wrote a letter to Larry Magee ("Magee"), the President of Firestone, with a copy to Mark Emkes ("Emkes"), the Chairman of Firestone, complaining about Girard's statements to him and the September 13, 2007 meeting.

15. In late 2007, Plaintiff learned that Girard had made similar harassing statements to other another Persian employee, Ali Dastgah, who worked for Girard at the Sunnyvale store. It was the custom of the Sunnyvale store to give Christmas gifts to its employees. Dastgah asked when he would receive his Christmas gift card. Another employee directed Dastgah to go the back room of the store to get his Christmas present. When he went to the back room, Girard dropped his trousers and his underpants, held his penis and genitals in his hand facing and stated to Dastgah: "Here is your Christmas gift." Girard then turned around and showed his anus to Dastgah. Girard and the other employees laughed. Dastgah was humiliated and offended.

16. Dastgah also told Plaintiff that Girard made other harassing and offensive remarks to him such as: "Did you learn to fly a plane, but not learn how to land?" and whether he learned to fly for the tallest building. These statements were made in reference to the 9/11

3

FIRST AMENDED COMPLAINT FOR DAMAGES
Case No. 08-CV-4232 JL

attacks by terrorists who flew airplanes into the World Trade Center and the Pentagon.

17. On December 20, 2007, Plaintiff filed a complaint against Firestone and Girard with the Department of Fair Employment and Housing ("DFEH") complaining of discrimination and harassment based on race and national origin, and retaliation. The DFEH served a copy of this complaint on Firestone in early January 2008.

18. On January 1, 2008, Plaintiff sent another letter to Magee, Dick Clark ("Clark"), the Vice-President of Firestone, and Firestone's Human Resources Director, with a copy to Mr. Emkes, reporting Girard's harassment of Dastgah and Plaintiff.

19. Clark thereafter reprimanded Plaintiff for sending the letter to Mr. Magee, his boss, about the September 13, 2007 meeting. Plaintiff told Clark that he was offended by the statements at the meeting because of his love for his mother. Clark dared Plaintiff to sue him, stating "If you want to talk to my attorney, I will introduce you." He also told Plaintiff "this is a man's world" during this meeting.

20. In January 2008, Geraldine Tigner, an investigator for Firestone, interviewed Plaintiff regarding his complaints about Girard and the September 13, 2007 meeting. Despite confirmation by numerous independent witnesses, Firestone concluded that there was "no conclusive evidence to support" Plaintiff's allegations and took no disciplinary action against Girard.

21. On March 19, 2008, Plaintiff suffered a heart attack and went on a medical leave of absence from work. Plaintiff had previously suffered a heart attack in May 2004.

22. On July 5, 2008, Hutchinson wrote a letter to Plaintiff terminating his employment with Firestone effective July 1, 2008. The reason provided by Hutchinson was that Plaintiff had charged customers for dye tests when there was no dye in the inventory and that Plaintiff sold used wheel weights to customers. The reasons stated in the letter were pretextual.

23. On December 19, 2008, the DFEH issued Notices of Case Closure and right-to-sue letters on Plaintiff's December 20, 2007 complaints against Firestone and Girard.

24. On June 29, 2009, Plaintiff filed a second complaint against Firestone and

4

1  Girard with the DFEH complaining of harassment based on national origin, sex, and retaliation
2  based on Firestone's termination of his employment. DFEH issued a Notice of Case
3  Disclosure and a Right to Sue letter on Plaintiff's complaints the same day.

## CLAIMS

### FIRST CLAIM

**(Harassment based on National Origin And Sex in Violation of California Gov. Code § 12940(j)(1) Against all Defendants)**

25. Plaintiff incorporates each paragraph in this complaint above as if fully set forth herein.

26. California Gov. Code §§ 12940(j)(1) prohibits an employer or supervisor from harassing an employee because of his national origin or sex, and requires that an employer take all reasonable steps necessary to prevent harassment in the workplace.

27. Defendants' acts and omissions as described above, including the termination of Plaintiff's employment, violate California Gov. Code §§ 12940(j)(1).

28. Plaintiff seeks an award of punitive and exemplary damages against Defendants as they carried out the above-recited actions maliciously, fraudulently and oppressively, and in reckless disregard of Plaintiff's rights under the law.

29. WHEREFORE, Plaintiff prays for judgment against the Defendants as hereinafter set forth.

### SECOND CLAIM

**(Retaliation in Violation of California Gov. Code §12940(h) Against Firestone)**

30. Plaintiff incorporates each paragraph in this complaint above as if fully set forth herein.

31. California Gov. Code §12940(h) prohibits an employer from retaliating against an employee for engaging in protected activity.

32. Firestone's acts described above, including the termination of Plaintiff's employment, violate California Gov. Code §12940(h).

33. Plaintiff seeks an award of punitive and exemplary damages against Firestone as

5

1  it carried out the above-recited actions maliciously, fraudulently and oppressively, and in
2  reckless disregard of Plaintiff's rights under the law.

3  34. WHEREFORE, Plaintiff prays for judgment against the Defendants as
4  hereinafter set forth.

### THIRD CLAIM

### (Retaliation in Violation of Title VII Against Firestone)

7  35. Plaintiff incorporates each paragraph in this complaint above as if fully set forth
8  herein.

9  36. 42 U.S.C. § 2000e–3(a) prohibits an employer from taking any adverse
10 employment action against an employee who has (i) opposed any practice made unlawful by
11 Title VII.

12 37. Firestone's acts and omissions as described above, including the termination of
13 Plaintiff's employment, violate 42 U.S.C. § 2000e–3(a).

14 38. Plaintiff seeks an award of punitive and exemplary damages against Firestone as
15 it carried out the above-recited actions maliciously, fraudulently and oppressively, and in
16 reckless disregard of Plaintiff's rights under the law.

17 39. WHEREFORE, Plaintiff prays for judgment against the Defendants as
18 hereinafter set forth.

### FOURTH CLAIM

### (Wrongful Termination in Violation of Public Policy Against Defendant Firestone)

21 40. Plaintiff incorporates each paragraph in this complaint above as if fully set forth
22 herein.

23 41. Firestone's termination of Plaintiff's employment violated the public policies
24 enumerated in the FEHA and Title VII as described above.

25 42. Plaintiff seeks an award of punitive and exemplary damages against Firestone as
26 it carried out the above-recited actions maliciously, fraudulently and oppressively, and in
27 reckless disregard of Plaintiff's rights under the law.

28 43. WHEREFORE, Plaintiff prays for judgment against the Defendant as hereinafter

set forth.

## FIFTH CLAIM

### (Intentional Infliction of Mental Distress Against All Defendants)

44. Plaintiff incorporates each paragraph in this complaint above as if fully set forth herein.

45. Defendants engaged in the outrageous conduct alleged herein.

46. Plaintiff seeks an award of punitive and exemplary damages against Defendants as they carried out the above-recited actions maliciously, fraudulently and oppressively, and in reckless disregard of Plaintiff's rights under the law.

47. WHEREFORE, Plaintiff prays for judgment against the Defendants as hereinafter set forth.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs pray for judgment against Defendants as follows:

1. For economic damages, emotional distress and punitive damages;
2. For reasonable attorneys' fees and costs under the FEHA and Title VII;
3. For interest at the legal rate according to proof;
4. For costs of suit incurred herein;
5. Such other and further relief as the court may deem proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial as provided by Rule 38(a) of the Federal Rules of Civil Procedure.

Dated: September 4, 2009         CORNERSTONE LAW GROUP

                                 _____
                                 Harry G. Lewis
                                 Attorneys for Plaintiff Mehdi Saberi

7

FIRST AMENDED COMPLAINT FOR DAMAGES
Case No. 08-CV-4232 JL

**CERTIFICATE OF SERVICE**

I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action; my business address is Rutan & Tucker, LLP, 611 Anton Boulevard, Fourteenth Floor, Costa Mesa, California 92626-1931.

On October 6, 2009, I served the following described as:

**JOINT STIPULATION**

on the interested parties in this action by placing a true copy thereof enclosed in a sealed envelope addressed as follows:

>Harry G. Lewis, Esq.
>Christina S. Park, Esq.
>Cornerstone Law Group
>595 Market Street, Suite 2360
>San Francisco, CA 94105-2835
>
>Attorney for Plaintiff
>Mehdi Saberi

[ ] **(BY U.S. MAIL)** I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. postal service on that same day with postage thereon fully prepaid at Costa Mesa, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

[ ] **(BY PERSONAL DELIVERY)** I caused such envelope to be delivered by hand to the offices of the addressee.

[ ] **(BY FACSIMILE)** by transmitting via facsimile the document(s) listed above to the fax number(s) set forth above, or on the attached service list, on this date before 5:00 p.m.

[✓] **(BY ELECTRONIC SERVICE)** by causing the document to be served via the Court's ECF Filing System on all parties identified for Notice of Electronic Filing generated by the Court's CM/ECF system in this case.

[ ] **(BY OVERNITE EXPRESS)** I caused such envelope to be delivered by OverNite Express to the offices of the addressees

[✓] **(FEDERAL)** I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

EXECUTED on October 6, 2009, at Costa Mesa, California.

/s/
Pamela J. Carvalho

2166/013229-0143
1008667.01 a10/06/09